# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SHEILA HAMILTON BYNUM, ) ) ) Plaintiff, ) vs. ) ) DOCUMENT TECHNOLOGIES, LLC, ) doing business as EPIQ SYSTEMS, sued ) in its capacity as Plan Administrator of the ) Document Technologies Employee ) Benefit Plan, ) ) Defendant. ) | Civil Action No. 1:19-CV-_____ |

## COMPLAINT

COMES NOW Plaintiff Sheila Hamilton Bynum ("Plaintiff"), pursuant to Fed. R. Civ. P. 8, and hereby files this Complaint against Defendant Document Technologies, LLC, doing business as Epiq Systems ("Defendant"), respectfully showing the Court as follows:

1.

Plaintiff brings this action pursuant to The Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*, via *inter alia*, 29 U.S.C. § 1132(c), to receive civil document penalties for Defendant's failure in producing documents required by ERISA, 29 U.S.C. § 1024(b)(4), and to recover her attorney's

1

fees and costs of bringing this action pursuant to 29 U.S.C. § 1132(g). This ERISA document penalties case is necessary because Defendant, as the Plan Administrator of the Document Technologies Employee Benefit Plan, has failed and/or refused to provide, upon written request, the governing Plan documents to Plaintiff, which she desperately needs in order to assess and/or counter the contentions made by the subrogation/reimbursement collector, Conduent, which is attempting to collect an alleged lien against Plaintiff. Without the Plan documents, Plaintiff is unable to assess her legal rights and/or responsibilities.

## **PARTIES**

2.

Plaintiff Sheila Hamilton Bynum is currently a resident of Atlanta, Georgia.

3.

Defendant Document Technologies, LLC d/b/a Epiq Systems is a company organized under the laws of the State of Georgia with its principal place of business at Two Ravinia Drive, Suite 850, Atlanta, Georgia. Defendant is registered to do business in the State of Georgia, and may be served with process via its registered agent, Cogency Global Inc., at 900 Old Roswell Lakes Parkway, Suite 310, Roswell, GA, 30076. Defendant has "rebranded" itself and is doing business as "Epiq Systems," or "Epiq." (*See* Exhibit A, attached hereto.)

4.

Although not a party to the litigation, Document Technologies Employee Benefit Plan (the "Plan") is an ERISA-governed employee health plan sponsored and administered by Defendant.  (*See* Form 5500, Exhibit B, attached hereto.)

## JURISDICTION AND VENUE

5.

This Court has jurisdiction over this action pursuant to 29 U.S.C. § 1132 and 28 U.S.C. § 1331.

6.

Venue is proper pursuant to 28 U.S.C. § 1391 and 29 U.S.C. § 1132(e)(2) because the breach took place here, and Defendant may be found in this District.

## FACTS

7.

Plaintiff is an employee of Defendant and a participant of the Plan.

8.

The Plan qualifies as an employee pension welfare plan under ERISA, as defined by 29 U.S.C. § 1002(1).

9.

Defendant is the Plan Sponsor of the Plan and its Plan Administrator.  Day to

day Plan Administration duties regarding the Plan are conducted in Atlanta, Georgia.

10.

On August 1, 2017, Plaintiff was injured in an incident that required her to use her Plan benefits. The Plan has asserted an alleged lien under its subrogation/ reimbursement provisions due to such injuries, via its collection agent, Conduent.

11.

On September 20, 2018, counsel representing Plaintiff in her personal injury action sent a Plan document request letter (attached hereto as Exhibit C) to Defendant, in its capacity as Plan Administrator of the Plan, seeking Plan documents required to be produced pursuant to 29 U.S.C. § 1024(b)(4).

12.

Despite telephone calls and emails following up on such written request, as of the date of this filing, neither a response nor Plan documents have been produced.

## **COUNT I – DOCUMENT PENALTIES: 29 U.S.C. § 1132(c)**

13.

The allegations contained in Paragraphs 1, 4, 7-12 above are re-alleged and incorporated by reference as if fully set forth herein.

14.

ERISA specifies that a Plan Administrator has thirty (30) days to comply with

a participant's request "for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary." 29 U.S.C. § 1132(c)(1)(B). Failure to provide the requested documents entitles a participant to petition the Court for the $110.00 per day penalty under 29 U.S.C. § 1132(c)(3), as modified by the governing regulations at 29 C.F.R. § 2575.502c-1.

15.

Under federal law, a Plan Administrator is subject to penalties under 29 U.S.C. § 1132(c)(1)(B) for its failure to comply with a participant's request for Plan documents, including the Plan, the summary plan description, and any other documents under which the Plan is administered pursuant to 29 U.S.C. § 1024(b)(4).

16.

Plaintiff made a written request to the Plan Administrator for Plan documents and other documents under which the Plan is administered by correspondence dated September 20, 2018.

17.

To date, the Plan Administrator has failed and/or refused to produce the requested Plan documents.

18.

Some six and a half (6 ½) months have passed from Plaintiff's written request

pursuant to 29 U.S.C. § 1024(b)(4) and the Plan Administrator has failed and/or refused to this day to produce any of the foregoing requested Plan documents.

19.

The Plan Administrator's failure and/or refusal has caused or will cause harm to Plaintiff, by disabling her ability to deal with the subrogation/reimbursement collection agency, Conduent, with regard to the alleged lien it is asserting. Without the documents, Plaintiff evaluate her rights and responsibilities under the Plan.

20.

Plaintiff is entitled, pursuant to the Court's discretion granted by 29 U.S.C. § 1132(c)(3), to have penalties levied against the Plan Administrator in the amount of $110.00 for each day, after the 30th day, for these violations.

### **COUNT II – ATTORNEY'S FEES – 29 U.S.C. § 1132(g)**

21.

The allegations contained in Paragraphs 1, 4, 7-12, 14-20 above are re-alleged and incorporated by reference as if fully set forth herein.

22.

29 U.S.C. § 1132(g) provides that the Court may award reasonable attorney's fees and costs for bringing this action.

23.

Defendant's violation of ERISA has caused Plaintiff to incur litigation costs and attorney's fees to remedy the breach herein.

24.

This Court should award Plaintiff her reasonable attorney's fees and the costs of bringing this action.

WHEREFORE, Plaintiff Sheila Hamilton Bynum prays that the Court:

(a)     Issue a directive forcing Defendant to produce all Plan documents previously requested by Plaintiff, to which she is entitled by law and/or the Plan;

(b)     Award Plaintiff $110/day for each day the Plan Administrator has failed and/or refused to produce such Plan documents as provided by law and/or the Plan;

(c)     Award all applicable pre- and post-judgment interest;

(d)     Award Plaintiff the reasonable costs and expenses of this action, including reasonable attorney's fees pursuant to 29 U.S.C. § 1132(g); and

(e)     Grant such other and further relief as this Court deems just and appropriate.

//

//

//

Respectfully submitted, this 3rd day of April, 2019.

                                          _/s/ Nancy B. Pridgen_____
                                          Nancy B. Pridgen, Esq.
                                          Georgia Bar No. 587949

PRIDGEN LAW GROUP
One Glenlake Parkway, Suite 650
Atlanta, Georgia 30328
Phone: 404-551-5884
Fax: 678-812-3654
Email: nancy@pridgenlaw.com

*Counsel for Plaintiff*